# United States Bankruptcy Court
## for the Northern District of Illinois, Eastern Division

| | | | |
|---|---|---|---|
| **In Re:** | **Anita R. Simpkins** | ) | **09 B 43044** |
| | | ) | **Judge Eugene R. Wedoff** |
| | Debtor(s) | ) | **Date: March 29, 2010** |

Anita R. Simpkins                                   Legal Helpers via the Clerk's electronic noticing
17825 Old Trail Rd
Hazel Crest, IL  60429


Creditor Address
Chase Home Finance
Attn PP-G7 Bankruptcy Payment Processing
3415 Vision Dr
Columbus, OH  43219

---

### *Notice of Payment of Final Mortgage Cure Amount*
### *Note: Please refer to the confirmed plan to see if this notice applies to you.*

1)  The Trustee's records indicate that in the above case the pre-petition mortgage arrears claim of Chase Home Finance; Account No: 3631 COC; in the amount of $703.97 has been paid in full.

2)  The holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of post petition obligations.

3) If the debtor has failed to make timely payments of any post petition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or longer time as the court may order).

4)  If the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice.

5) If the holder does serve a statement of outstanding obligations within the required time, the debtor may:
    (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or
    (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due.

6)  To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtors through the modified plan, the right of the holder to collect these amounts will be unaffected.

7)  No liability shall result from any non-willful failure of the trustee to serve the notice required.

Marilyn O. Marshall, Trustee
224 S Michigan, Ste 800
Chicago, IL 60604
312-431-1300